NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JERMAINE LINNEN, | : | **CIV. NO. 17-12647 (RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRENDA BEACHMAN, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, United States District Judge

I.  BACKGROUND

On December 7, 2017, Plaintiff Jermaine Linnen, a former inmate at Camden County Correctional Facility, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On December 20, 2017, legal mail from the Court to Plaintiff was returned by Camden County Correctional Facility because Plaintiff was no longer incarcerated. Plaintiff's complaint cannot proceed because he did not file a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (ECF No. 1-1), and the Court has no way of contacting Plaintiff because he has not provided his forwarding address.

II. DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of
> any change in their . . . address within seven

days of being apprised of such change by
filing a notice of said change with the Clerk.
Failure to file a notice of change may result
in the imposition of sanctions by the Court.

Dismissing a Plaintiff's complaint without prejudice is an appropriate remedy for noncompliance with this rule. See Archie v. Dept. of Corr., Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases).

Mail sent to Plaintiff's last known address was returned to the Court. To date, Plaintiff has not informed the Court of his new address. When dismissing an action as a sanction, a court should weigh the following factors:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1984).

A.   Extent of the Party's Personal Responsibility

Plaintiff, as an unrepresented litigant, is solely responsible for providing the Court with his correct address.

B.   <u>Prejudice to the Adversary</u>

Defendants have not been served with the complaint because Plaintiff has not paid the filing fee nor has he been granted *in forma pauperis* status under 28 U.S.C. § 1915.

C.   <u>History of Dilatoriness</u>

Plaintiff has taken only one step in prosecuting this action, filing the complaint.

D.   <u>Whether the Conduct of the Party Was Willful or in Bad Faith</u>

It is not presently known whether Plaintiff's failure to prosecute this action was willful or in bad faith.

E.   <u>Effectiveness of Alternative Sanctions</u>

Sanctions other than dismissal will not be effective because the Court cannot communicate any sanctions to Plaintiff without his current mailing address.

F.   <u>The Merits of the Claims or Defenses</u>

The complaint has not yet been screened under 28 U.S.C. § 1915(e)(2)(B), and the screening cannot occur until Plaintiff has cures the deficiencies in his IFP application.

Weighing all the factors, dismissal as a sanction is warranted in this case, primarily because the case cannot move forward without a way to communicate with Plaintiff. The Court will dismiss the complaint without prejudice.  An appropriate order follows.

III. CONCLUSION

In the accompanying Order filed herewith, this Court will dismiss this action without prejudice because Plaintiff failed to notify the Court of his forwarding address.


Dated:  July 11, 2018


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**